## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CEVA ANIMAL HEALTH, LLC,

     Plaintiff,

     v.

TONY LEVIN, et al.,

     Defendants.

Case No. 23-2118-JWB-ADM

## MEMORANDUM AND ORDER

This trademark-infringement action comes before the court on plaintiff Ceva Animal Health, LLC's ("Ceva") Motion for Alternative Service of Process.  (ECF 7.)  By way of the motion, Ceva asks the court to authorize service on defendant Tony Levin electronically through the messaging system used by third-party sellers on www.Amazon.com ("Amazon").  For the reasons explained below, the motion is granted.

### I. BACKGROUND

Ceva is a developer of veterinary products, which it sells directly and through a network of authorized sellers.  Ceva's complaint alleges that defendants are selling non-genuine products bearing Ceva trademarks on Amazon.  According to Ceva, an Amazon storefront called "JenSerCo" has sold high volumes of Ceva-trademarked products without authorization.  The JenSerCo storefront lists its business address as 4036 Evergreen Street, Irving, Texas.  But when Ceva, during its investigation, processed returns of products purchased from JenSerCo, the Amazon system generated return labels addressed to "Tony Levin, 3095 S. Peoria Street, Ste. A., Aurora, Colorado."  Ceva states that it believes JenSerCo is a sham company that Levin (and

possibly others) operate on Amazon, selling infringing products.  Ceva named Levin and "John Does 1-10" as defendants.

Ceva attempted to personally serve Levin with process at both JenSerCo's listed Texas address and at the Colorado address on the return labels.  Ceva struck out on both attempts.  The Texas address is a residential property occupied by an individual who told the process server he had no knowledge of Levin.  (ECF 8-1.)  The Colorado address is a vacant commercial space that is listed for lease.  (ECF 8-2.)

Ceva seeks the court's leave to serve Levin through Amazon's messaging system.  Ceva represents that Amazon assigns storefront operators a unique merchant identification number ("Merchant ID") and requires them to use the Amazon messaging system to communicate with their customers.  (ECF 83-3, at 2-3.)  Because the physical addresses listed for JenSerCo are inaccurate, Ceva asserts that the only way Ceva (and JenSerCo customers) can contact Levin is though the Amazon messaging system.

## II.    LEGAL STANDARDS

A party may effectuate service on an individual by "following the state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  Ceva seeks service under Texas law, based on JenSerCo's publicly listed address and on Ceva's informed belief that Levin is most likely located in Texas.  (ECF 8, at 4.)

Under Texas law, if a plaintiff provides a sworn statement that it attempted personal service but was unsuccessful, then "the court may authorize service in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit."  TEX. R. CIV. P.

106(b)(2).   In determining whether a plaintiff's proposed alternative method of service is reasonably likely to give a defendant notice of suit, the "court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology."  2020 Cmt. to TEX. R. CIV. P. 106.  "Substitute service is not authorized without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service."  *Jernigan v. McMillan*, No. 3:22-CV-2580-N-BN, 2023 WL 2668002, at *1 (N.D. Tex. Mar. 27, 2023) (internal citation and modification omitted).

Rulings on alternative service under Rule 4(e)(1) are discretionary.  *Beesley v. Brinton*, No. 2:17-CV-000735, 2017 WL 11591114, at *1 (D. Utah Aug. 30, 2017).  The U.S. Constitution "does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."  *Louis Dreyfus Commodities Suisse, SA v. Fin. Software Sys.*, 703 F. App'x 79, 84 (3d Cir. 2017) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002)).

## III.   DISCUSSION

Upon review, the court concludes Ceva has satisfied Rule 106(b)'s two requirements for alternate service.  First, Ceva has demonstrated diligence in attempting to personally serve Levin at the two physical addresses JenSerCo has identified as its business addresses.  With Ceva's motion, it submitted the sworn statements of its counsel and two process servers detailing the steps Ceva took to personally serve Levin.  The sworn statement of process server Stephen C. Buskirk shows that he attempted personal service on Levin at JenSerCo's address in Irving, Texas four separate times, all of which were unsuccessful.  (ECF 8-1.)  On the fourth attempt, Buskirk spoke with the current resident at the address, who told Buskirk that he had no knowledge of Levin.  (*Id.*)  Process server Melissa Brookstone also unsuccessfully attempted to personally serve Levin at the

Aurora, Colorado address listed as JenSerCo's return address.  (ECF 8-2.)  Her affidavit states that she found the property at the address vacant and for lease, and she submitted a photograph demonstrating the same.  (*Id.*)  Ceva has made a strong and detailed showing that it was diligent in attempting personal service on Levin, but that service by other means is necessary.

Ceva's proposed alternate method of service is a message sent though Amazon's messaging system.  As noted above, Rule 106(b) requires Ceva to demonstrate that such a message "will be reasonably effective to give the defendant notice of the suit."  The sworn statement by Ceva's counsel explains that Amazon policies require all Amazon sellers to create a messaging account through which to communicate with customers of their storefront.  (ECF 8-3, at 3-4.) Thus, Ceva requests authorization to serve Levin through the JenSerCo store front at Merchant ID A2LCRNVH8831GG.

Ceva has demonstrated that service though the Amazon messaging system is reasonably calculated to give Levin notice of this lawsuit.  A practical reality of today's internet marketplace is merchants' sole use of electronic means to communicate.  Levin continues to sell products through JenSerCo, and therefore he must regularly use the Amazon messaging system to communicate with customers and run the business.  *See Allergy Research Grp., LLC v. Andic*, No. 22-00249-HCN, 2022 WL 2905514, at *3 (D. Utah July 22, 2022) (authorizing service through the Amazon messaging system where the plaintiff "provided evidence that Defendant likely uses the Amazon Messaging system to communicate with customers because Defendant still sells the product on Amazon and receives messages through the Amazon messaging system"); *NOCO Co. v. Liu Chang,* No. 1:18-CV-2561, 2020 WL 533021, at *3 (N.D. Ohio Feb. 3, 2020) (noting "online merchants depend on electronic communication for their livelihood and often rely solely upon such means of communication in their interactions with customers" (internal quotation and citation

omitted)).  Courts across the country have consistently found the Amazon messaging system to be a reliable service method.  *See, e.g., Allergy Research,* 2022 WL 2905514, at *3; *Telebrands Corp. v. VindEx Sols. LLC*, No. 21-CV-00898-BLF, 2022 WL 1062051, at *2 (N.D. Cal. Apr. 8, 2022) ("[T]he Court finds that serving Defendants by Amazon Seller Messaging was reasonably calculated to give notice to the Defendants."); *Gen. Nutrition Inv. Co. v. Empire Supplements, Inc*., No. 21-CV-0067, 2021 WL 9628849, at *2 (W.D. Pa. Feb. 4, 2021) ("The Court thus finds that service on Empire as proposed through Amazon's online message system is appropriate and reasonably calculated to apprise Empire of the instant lawsuit."); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Commerce Co. Ltd*., No. 1:20-CV-1170, 2021 WL 268770, at *5 (N.D. Ohio Jan. 27, 2021) (permitting service through Amazon's online messaging system where no physical location for service could be located); *Liu Chang*, 2020 WL 533021, at *3 ("Plaintiff has shown that service through Amazon's messaging center is reasonably calculated to reach Defendant."); *Canon Inc. v. Shenzhenshi Keluodeng Kejiyouxiangognsi*, No. 21-CV-1220 (KAM)(PK), 2022 WL 18998477, at *3 (E.D.N.Y. Aug. 12, 2022) (noting court had previously authorized service via Amazon messaging).  Although the court is unaware of a Texas case authorizing service via Amazon's messaging system, federal courts in Texas have allowed Rule 106(b) alternative service by other electronic means.  *See, e.g., Jernigan v. McMillan,* No. 3:22-CV-2580-N-BN, 2023 WL 2668002, at *2 (N.D. Tex. Mar. 27, 2023) (authorizing service by summons through defendant's YouTube channel); *Joe Hand Promotions, Inc. v. Wash That Baby, LLC,* No. MO:21-CV-211-DC-RCG, 2022 WL 2761734, at *3 (W.D. Tex. May 9, 2022) (authorizing service by summons sent to a Facebook account); *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (Facebook).

The court thus finds that service on Levin as proposed through Amazon's messaging system is appropriate and reasonably calculated to apprise Levin of the instant lawsuit. Ceva has demonstrated that it made a good-faith and diligent effort to effectuate personal service on Levin, but without success. Ceva has established further that effectuating service through Amazon's messaging system is reasonably calculated to apprise Levin of the instant lawsuit. Ceva's complaint and submitted statement demonstrates that Levin actively conducts business through his Amazon storefront and will likely receive notification in the manner provided by Amazon's e-commerce website for communication between sellers and customers. The court therefore exercises its discretion to authorize service on Levin through the Amazon messaging system.

**IT IS THEREFORE ORDERED** that Ceva's Motion for Alternative Service of Process (ECF 7) is granted. Ceva may serve Levin with the summons and complaint through the Amazon messaging system by directing a message to the Amazon storefront called "JenSerCo," which is affiliated with Merchant ID A2LCRNVH8831GG.

**IT IS FURTHER ORDERED** that after transmitting the materials through the Amazon messaging system, Ceva shall file a proof of service that states the date when the materials were transmitted and confirms that Ceva received no "bounceback" or other indication that the materials were not delivered.

Dated May 2, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge